**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MICHAEL W. KERNS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-02892-LKG |
| | ) | |
| v. | ) | Dated: February 6, 2023 |
| | ) | |
| CHRISTIAN ONYEKACHI OGWUEGBU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

In this civil action, Plaintiff, Michael W. Kerns, asserts identity theft, fraud and "breach of confidentiality" claims against Defendants, First Peoples Community Federal Credit Union ("First Peoples"), Christian Onyekachi Ogwuegbu ("Ogwuegbu"), MedAlert Medical Equipment & Supplies ("MedAlert"), Prosperity Bank and Anatol Equipment Manufacturing Co. ("Anatol"), related to the transfer of certain funds from his First Peoples bank account. ECF No. 14-2. First Peoples has moved to dismiss Count III of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), upon the grounds that, among other things, 18 U.S.C. §1343 and 12 CFR. Part 1005 do not confer federal question jurisdiction, or provide a basis for Plaintiff's claims in this case. ECF No. 21. Plaintiff has also moved to further amend the complaint pursuant to Fed. R. Civ. P. 15(a). ECF No. 23. These motions are fully briefed. ECF Nos. 21, 23, 25, 26 and 27. No hearing is necessary to resolve the motions. L.R. 105.6. For the reasons that follow, the Court: (1) **DENIES** Plaintiff's motion to amend and (2) **GRANTS** First Peoples' motion to dismiss Count III of the amended complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

In this civil action, Plaintiff, Michael W. Kerns, brings identity theft (Count I), fraud (Count II) and "breach of confidentiality" (Counts III and IV) claims against Defendants First Peoples, Ogwuegbu, MedAlert, Prosperity Bank and Anatol, related to the wire transfer of certain funds from his First Peoples bank account. ECF No. 14-2. Plaintiff is a resident of Maryland. *Id*. at 2.

Defendant Ogwuegbu is a resident of Texas. *Id*. Defendant MedAlert is a business located in Texas. *Id*. Defendant Prosperity Bank is a bank also located in Texas. *Id*. Defendant Anatol is a manufacturing company located in Illinois. *Id*. at 3. Lastly, Defendant First Peoples is a credit union located in Maryland. *Id*.

In the first amended complaint, Plaintiff alleges that he entered into a contract with Anatol for the purchase of a screen press in 2020. *Id*. Plaintiff also alleges that, on or about June 1, 2020, he attempted to make a payment to purchase the screen press. *Id*. At the time, Plaintiff was banking with First Peoples. *Id*. And so, Plaintiff provided wire transfer instructions to First Peoples to transfer funds from his bank account to a bank account held at Prosperity Bank, purportedly belonging to Anatol. *Id*.

Before Plaintiff's funds were transferred, Anatol contacted Plaintiff and informed him that the company did not have a bank account in Texas. *Id*. Given this, Plaintiff contacted First Peoples to request that the wire transfer be stopped. *Id*. But First Peoples informed Plaintiff that the wire transfer could not be stopped. *Id*. And so, Plaintiff's funds in the amount of $23,000.60 were wired to the Prosperity Bank account, which actually belonged to Defendant MedAlert. *Id*.

Plaintiff alleges that Ogwuegbu and MedAlert subsequently withdrew these transferred funds. *Id*. A police investigation of this matter later determined that Plaintiff was the victim of a fraud scheme. *Id*. And so, Plaintiff seeks to recover monetary damages, attorney's fees, and other costs and expenses from Defendants in this litigation.

Specifically relevant to the pending motion to dismiss, Plaintiff alleges in Count III of the first amended complaint that First Peoples breached a duty to protect his funds and financial

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and Defendant, First Peoples' motion to dismiss and memorandum in support thereof. ("Def. Mot.").

information, "by allowing Defendants [Ogwuegbu and MedAlert] to gain access to [his] funds and financial information." ECF No. 14-2 at 8. In this regard, Plaintiff alleges that this duty is "established under 12 CFR Part 1005 *et. seq,* concerning regulations concerning electronic transfers, and [18 U.S.C. §1343], concerning wire and electronic fraud." *Id*. And so, Plaintiff contends that 12 CFR Part 1005 and 18 U.S.C. §1343 establish federal question jurisdiction to bring his tort claim against First Peoples. *Id*. at 3.

### B. Procedural Background

Plaintiff commenced this civil action on November 10, 2021, and he subsequently amended the complaint by leave of the Court on May 6, 2022. ECF Nos. 1, 14-2 and 20. On May 27, 2022, First Peoples filed a motion to dismiss Count III of the amended complaint and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b). ECF No. 21.

On June 10, 2022, Plaintiff moved for leave to file a second amended complaint. ECF No. 23. On June 16, 2022, Plaintiff filed a response in opposition to First People's motion to dismiss. ECF N. 25. First Peoples filed a reply in support of its motion to dismiss and a response in opposition to Plaintiff's motion for leave on June 24, 2022. ECF Nos. 26 and 27.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac*

*R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue [] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.*  (citation omitted).  And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799.

      **B.**      **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

      **C.**      **18 U.S.C. § 1343 AND 12 CFR Part 1005**

Title 18, United States Code, Section 1343 is a criminal provision which governs fraud by wire, radio, or television and provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any

> writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. §1343.

12 CFR Part 1005, commonly known as Regulation E, governs electronic wire transfers. Relevant to this dispute, 12 CFR § 1005.6 addresses the liability of a consumer for unauthorized transfers and provides that a consumer may be held liable for an unauthorized electronic fund transfer involving the consumer's account, only if the financial institution has provided certain disclosures. 12 CFR § 1005.6. In addition, 12 CFR §1005.7(b)(9) governs initial disclosures by a financial institution and requires that a financial institution disclose "[t]he circumstances under which, in the ordinary course of business, the financial institution may provide information concerning the consumer's account to third parties." 12 CFR §1005.7(b)(9).

### D.     Fed. R. Civ. P. 15

Lastly, Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

IV.     **LEGAL ANALYSIS**

Defendant First Peoples has moved to dismiss Count III of the amended complaint, pursuant to Fed. R. Civ. P. 12(b), for three reasons: (1) dismissal is warranted for insufficient service of process, due to Plaintiff's failure to identify an official, a managing or general agent, or other agent authorized to receive service on the copy of the summons and amended complaint sent to First Peoples; (2) dismissal is also warranted for lack of subject matter jurisdiction, because Section 1343 and 12 CFR Part 1005 do not confer federal question jurisdiction in this case; and (3) dismissal is warranted for failure to state a claim, because Section 1343 and 12 CFR Part 1005 do not pertain to the facts alleged in this case.  ECF No. 21-1 at 3-5.

In his response in opposition to First Peoples' motion, Plaintiff concedes that "service was not perfected" for First Peoples.  ECF No. 25 at 1.  But Plaintiff counters that he has established federal question jurisdiction in this matter, based upon Section 1343 and 12 CFR Part 1005.  ECF No. 25 at 1-2.  Plaintiff also seeks to further amend the amended complaint to "more appropriately address subject-matter jurisdiction and the underlying claims against [the Defendants other than First Peoples]."  ECF No. 23.

For the reasons that follow, Plaintiff has not shown that further amendment of the amended complaint is appropriate under Fed. R. Civ. P. 15(a).  A careful reading of the first amended complaint also makes clear that Plaintiff has not established subject-matter jurisdiction regarding his "breach of confidentiality" claim against First Peoples and that Plaintiff also fails to state a plausible tort claim in Count III of the first amended complaint.  And so, the Court GRANTS First Peoples' motion to dismiss and DISMISSES Count III and the first amended complaint.

A.      **Further Amendment Of The Complaint Is Not Warranted**

As an initial matter, Plaintiff has not shown that further amendment of the amended complaint is warranted under Fed. R. Civ. P. 15(a).  While the Court "should freely" grant leave to amend "when justice so requires,"  the Court should deny a party leave to amend a complaint "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); see also Fed. R. Civ. P. 15(a)(2).  Given this, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to

6

dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted). In addition, the Court's Local Rules require that the original of the proposed amended complaint accompany a motion for leave to amend. L.R. 103.6.

Further amendment of the amended complaint is not warranted here for two reasons. First, Plaintiff has not complied with Local Rule 103.6 because he failed to provide the original copy of his proposed second amended complaint with his motion for leave. ECF No. 23. Given this, Plaintiff has not shown that the proposed amendments to the amendment complaint are warranted, nor has he explained the nature of these amendments.

Second, First Peoples also persuasively argues that any further amendment to the complaint with regard to Plaintiff's "breach of confidentiality" claim in Count III would unduly prejudice First Peoples. ECF No. 27. The Court previously permitted Plaintiff to amend his complaint on May 6, 2022. Thereafter, First Peoples moved to dismiss Count III of the amended complaint and this motion has been fully briefed by the parties. There is no indication in Plaintiff's motion for leave that the proposed amendments to the amended complaint would address or resolve the issues raised in First Peoples' motion to dismiss.[2] Given this, further amendment of the first amended complaint would only serve to delay the resolution of this motion. And so, the Court DENIES Plaintiff's motion to further amend the first amended complaint.

B. **Dismissal Of Plaintiff's Claim Against First Peoples Is Warranted**

First Peoples also persuasively argues that Plaintiff has not met his burden to show that the Court possesses subject-matter jurisdiction over his "breach of confidentiality" claim set forth in Count III of the amended complaint. Plaintiff alleges in Count III that First Peoples breached a duty to protect his funds and financial information by allowing certain Defendants to gain access to his funds and financial information. ECF No. 14-2 at 8. Plaintiff also alleges that the duty to protect his funds and financial information is "established under 12 CFR Part 1005 *et. seq,* concerning regulations concerning electronic transfers, and [18 U.S.C. §1343], concerning

---

[2] Plaintiff states that he is "nearing settlement [and] is weighing removal" of First Peoples as a Defendant in this action. ECF No. 23 at 1. But he does not state that First Peoples will not be a named defendant in his proposed amended complaint. *Id*.

7

wire and electronic fraud." *Id*. And so, Plaintiff contends that 12 CFR Part 1005 and 18 U.S.C. §1343 establish federal question jurisdiction to bring his tort claim against First Peoples. *Id*. at 3.

But, as First Peoples correctly observes in its motion to dismiss, Section 1343 is a federal criminal statute and Plaintiff has no private right of action to bring a civil claim against First Peoples based on this provision. *See* 18 U.S.C. §1343. Plaintiff also fails to explain how this criminal statute, which pertains to wire fraud, could create a so-called "duty of confidentiality." ECF No. 25. Given this, Plaintiff's reliance upon Section 1343 to establish federal question jurisdiction in this case is misplaced. For this same reason, Plaintiff also fails to state a plausible claim for "breach of confidentiality" based upon Section 1343.

Plaintiff's general reliance upon 12 CFR Part 1005 to establish jurisdiction in this case is also problematic. Plaintiff alleges without explanation that Regulation E creates a duty of confidentiality regarding his funds and financial information. ECF No. 14-2 at 8. But Plaintiff fails to identify any part of this regulation that creates such a duty. ECF No. 25. Plaintiff also fails to explain how 12 CFR Part 1005 is implicated by the facts of this case, as they pertain to First Peoples. ECF No. 25; *see also* ECF No. 14-2 (alleging that First Peoples breached a duty to protect his funds and financial information, "by allowing Defendants to gain access to [his] funds and financial information."). ECF No. 14-2 at 8. Given this, the Court agrees with First Peoples that Plaintiff has neither shown that the Court possesses subject-matter jurisdiction to consider his tort claim against First Peoples, nor that he states a plausible claim for "breach of confidentiality" in Count III of the amended complaint. And so, the Court GRANTS First Peoples' motion to dismiss Count III of the first amended complaint. Fed. R. Civ. P.12(b)(1) and (6).

V.  **CONCLUSION**

In sum, Plaintiff has not shown that further amendment of the first amended complaint is warranted under Fed. R. Civ. P. 15(a). A careful reading of the first amended complaint also makes clear that Plaintiff has not met his burden to establish that the Court possesses subject-matter jurisdiction to consider to his "breach of confidentiality" claim against First Peoples and that Plaintiff also fails to state a plausible tort claim in Count III of the amended complaint.

And so, for the foregoing reasons, the Court:

1.  **GRANTS** First Peoples' motion to dismiss; and

      2.  **DISMISSES** Count III of the first amended complaint.

Plaintiff shall file a status report **on or before February 13, 2023**, stating whether he intends to proceed with this litigation**.**

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

                                                    s/Lydia Kay Griggsby
                                                    LYDIA KAY GRIGGSBY
                                                    United States District Judge